## Hollon v. Louisville & Nashville Railroad Company.

(Decided May 29, 1925.)

### Appeal from Breathitt Circuit Court.

1. Carriers—Passenger has Right to Seat.—Carrier has duty to furnish passenger with seat, and he may refuse to pay fare or give up ticket, leave train, and sue for breach of contract if seat is not furnished.

2. Carriers—Passenger having Paid Her Fare and Remained on Train After Knowing She could Not Get Seat Waived Rights Thereto.—Passenger who paid her fare and remained on train after she knew she could not get seat waived her right to it, and could not thereafter sue for failure to furnish her a seat.

RYLAND C. MUSICK and JAMES L. STIDHAM for appellant.

WOODWARD, WARFIELD & DAWSON, HUNT, NORTHCUTT & BUSH and O. H. POLLARD for appellee.

OPINION OF THE COURT BY DRURY, COMMISSIONER—Affirming.

The appellant sued the Louisville & Nashville Railroad Company for failing to furnish her a seat on one of its trains. At the conclusion of her evidence, the court directed the jury to find for appellee. Plaintiff has appealed.

She alleges in her petition that on February 23, 1921, she boarded defendant's passenger train at Domino in Perry county, Kentucky, and paid $1.65 for her transportation to Jackson, Kentucky. She alleges that the train was crowded; that people were standing; that she was soon to become a mother; that she had to stand all the way to Jackson and as a result of the standing sustained injuries, on account of which she asked judgment against defendant for $600.00. The evidence

showed that she asked for a seat, that her husband asked the conductor to get her a seat, advising him of her condition; that her husband sought to find her a seat, but was unable to do so, and that the conductor made no effort to get a seat for her. The proof showed that the crowded condition of the defendant's trains on this line had continued for several months. Passengers were inconvenienced, and there was evidence that passengers had paid more fortunate fellow passengers twenty-five cents and other small sums to induce them to let them have their seats. In general, the proof offered indicated that the defendant's passenger service on that line was not something of which it should be very proud. However, the plaintiff paid her fare. At the time she paid it she knew that the train was crowded, that she had been unable to get a seat, and the conductor did not promise to get her a seat. The passenger's right to a seat is unquestioned, and it is the duty of the carrier to furnish him one. This court has said in C. & O. R. Co. v. Austin, 137 Ky. 611, 126 S. W. 144, 136 Am. St. R. 307:

"The carrier is bound to furnish seats to passengers entitled to transportation, if practicable, and the passenger may refuse to give up his ticket or pay fare if a seat is not furnished. One who has purchased a ticket of a particular class is entitled to accommodations according to his ticket. But in general, the passenger who elects to remain on a particular train must accept the reasonable accommodations afforded him on such train."

When a carrier sells a passenger a ticket, that is evidence that it has contracted to carry him to the point named in the ticket, and to furnish him with a seat and the ordinary comforts and conveniences required by nature. The passenger does not have to accept anything less. He is not entitled to free transportation if a seat is not furnished to him. He must elect either to surrender his ticket, waive his right to a seat and accept the accommodations offered or retain his ticket, quit the train and sue for a breach of contract. The plaintiff, after she knew she could not get a seat, elected to pay her fare and to remain on the train. She is bound by her election.

The judgment is affirmed.